UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JACK SHER,

                            Plaintiff,

v.

                           Case # 13-CV-6168-FPG

                           DECISION AND ORDER

DAVE BONOCCI et al,

                            Defendants.

## INTRODUCTION

On December 7, 2017, *pro se* Plaintiff Jack Sher wrote a letter to the Court that it interprets as a Motion for Reconsideration of the Court's January 6, 2017 Decision and Order.[1] ECF No. 32. For the reasons that follow, his motion is denied.

## BACKGROUND

Plaintiff filed this action on March 28, 2013 against his former employer and two of its corporate officers. ECF No. 1. He sought a default judgment against Defendants on July 15, 2013, and the Court denied that application on July 19, 2013. ECF Nos. 9, 10.

On August 15 and 23, 2013, Plaintiff and Defendants' attorney appeared before United States Magistrate Judge Jonathan W. Feldman to discuss potential settlement of this matter. ECF Nos. 14, 15. After in depth proceedings where the full details of the settlement agreement and the rights he was waiving were made clear to Plaintiff, the parties executed a stipulation of dismissal. ECF No. 16. This case was closed on August 28, 2013. ECF Nos. 17, 18.

On October 18, 2013, Plaintiff filed a Notice of Appeal that purported to appeal the Court's prior denial of his default judgment application, despite conversations before Judge Feldman

---

[1] *See Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted to raise the strongest arguments that they could suggest.") (citation omitted).

1

informing him that he waived that right pursuant to the settlement agreement. ECF No. 20. Defendants moved to dismiss the appeal, and the Second Circuit granted that application and dismissed the appeal on February 20, 2014. ECF No. 22. Plaintiff filed another Notice of Appeal on August 5, 2014, that again attempted to appeal the denial of his default judgment application. ECF No. 23. The Second Circuit dismissed that appeal on October 30, 2014. ECF No. 28.

Plaintiff then brought an application to "litigate for the Plaintiff from Default Judgment of 6/24/13" and moved to proceed *in forma pauperis*. ECF Nos. 29, 30. On January 6, 2017, the Court denied those motions, and Plaintiff now seeks reconsideration of that denial. ECF Nos. 31, 32.

**DISCUSSION**

**I.      Legal Standard**

Federal Rule of Civil Procedure 60 governs relief from a court judgment or order. Fed. R. Civ. P. 60. The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.*, 684 F.3d at 52 (citation omitted). Accordingly, on a motion for reconsideration a party may not merely offer the same

"arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." *Schonberger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990).

## II. Analysis

Plaintiff's letter to the Court asks for "review and reinstatement" of his case. ECF No. 32 at 1. Plaintiff reiterates his belief that he should be awarded a default judgment against Defendants. *Id.* He also claims that Defendants' attorney "forced" him to settle and "threatened" to freeze the deposit of his Social Security checks. *Id.*

As noted in its January 6, 2017 Decision and Order, "[a] settlement stated on the record is one of the strongest and most binding agreements in the field of the law and is thus entitled to substantial deference." *Medinol Ltd. v. Guidant Corp.*, 500 F. Supp. 2d 345, 353 (S.D.N.Y. 2007) (citation and internal quotation omitted). Further, "settlement agreements are contracts and must therefore be construed according to general principles of contract law." *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999). In that regard, "it is an elementary principle of contract law that a party's subsequent change of heart will not unmake a bargain already made." *Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 445 (2d Cir. 2005) (citation omitted).

As discussed in detail in its previous order, Plaintiff entered into a clear, voluntary, explicit, and unqualified settlement on the record in open court before Judge Feldman. Plaintiff expressly agreed to the terms of the agreement and to the dismissal of his case. The settlement was reduced to writing and Plaintiff signed a stipulation dismissing the case. That stipulation explicitly provided that "any claims, counterclaims, and cross-claims raised or not raised by and between the parties, be and the same hereby are discontinued." ECF No. 17. Thus, to the extent that Plaintiff

had any claim against Defendants—by way of a default judgment or otherwise—they were extinguished when this case settled.

Plaintiff has not pointed to "controlling decisions or data that the court overlooked," *Analytical Surveys, Inc.*, 684 F.3d at 52, or "identifi[ed] an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Kolel Beth*, 729 F.3d at 104.  Instead, he merely offers the same "arguments already briefed, considered and decided." *Schonberger*, 742 F. Supp. at 119.  Moreover, based on its review of the settlement proceedings before Judge Feldman, the Court finds Plaintiff's assertion that Defendants' attorney "forced" or "threatened" him in any way to be meritless.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Reconsideration (ECF No. 32) is DENIED and this case remains closed.

IT IS SO ORDERED.

Dated: December 15, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court